UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK DOMINICK | CIVIL ACTION |
| VERSUS | NO: 08-23 |
| ZURICH AMERICAN INSURANCE COMPANY | SECTION: "A" (5) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement (Rec. Doc. 4)** filed by defendant Zurich American Insurance Company ("ZAIC"). Plaintiff, Mark Dominick, opposes the motion. The motion, set for hearing on March 12, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED AS MOOT**.

**I.     BACKGROUND**

The instant matter arises out of alleged "severe damage" to Plaintiff's immovable property in Harahan, Louisiana incurred as a result of Hurricane Katrina on August 29, 2005. (Pla. Pet. ¶¶ III- IV). Plaintiff alleges that on the date of the occurrence, ZAIC had in full force and effect a policy of insurance covering Plaintiff for the damages sustained from wind and wind driven rain, as well as coverage for contents, loss of use, loss of rental income, and other coverages. (*Id.* at ¶ V).

Plaintiff filed suit in the 24th Judicial District Court for the Parish of Jefferson, seeking actual damages, including property damage, contents, loss of use, loss of rental income, additional expenses, and other damages covered under the policy. (*Id.* at ¶ VII). In addition, Plaintiff claims that he is entitled to penalties and attorney fees pursuant to Louisiana Revised Statutes 22:658 and 22:1220 for ZAIC's alleged bad faith . (*Id.* at ¶¶ VIII-XI). ZAIC removed the action to this court on January 2, 2008, alleging subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1).

ZAIC moves to dismiss on two grounds: (1) Dominick fails to state a claim against ZAIC upon which relief may be granted, and (2) Dominick's petition for damages is too vague and ambiguous, such that ZAIC is unable to frame a responsive pleading. (Def. Mem. in Supp. p. 2, 4). Specifically, ZAIC argues that although Dominick alleges that on the date of Hurricane Katrina he had a policy issued by ZAIC in full force and effect that covered the damages to his property, ZAIC has not been able to locate such policy issued to Mark Dominick. (*Id.* at p. 2) (citing Def. Exh. B, Affidavit of Patrick Menke). Moreover, in response to Plaintiff's allegations of bad faith, ZAIC contends that it has not been able to find a record of any claim made by the plaintiff for Hurricane Katrina damages. (*Id.*) (citing Def. Exh. B). As such, ZAIC asserts that Dominick has not specifically pled any facts that would assist ZAIC in identifying an insurance policy issued to him or in locating a Katrina-related claim filed by him. (*Id.*)

In opposition, Plaintiff presents the following information, uncovered "[a]fter diligent searching by both Defense counsel and Plaintiff's counsel." (Pla. Mem. in Opp. p. 1). The property

2

involved in this matter is owned by CBT Enterprises, LLC, of which Mr. Dominick is member-manager. (*Id.*) (citing Pla. Exh. 1, Louisiana Secretary of State Record). ZAIC issued a homeowner's policy to Iberia Bank, which uses this property as collateral for a multiple indebtedness mortgage. (*Id.*) (citing Pla. Exh. 2). On November 16, 2006, ZAIC issued payment to Iberia Bank for Hurricane Katrina damage to the property in the amount of $45,637.16. (*Id.*) Thereafter, Iberia Bank transferred all of this payment to CBT Enterprises, LLC on December 15, 2006. (*Id.* at p. 1-2) (citing Pla. Exh. 3, Insurance Memorandum). The Insurance Memorandum, signed by Mark Dominick, reads as follows:

> It is understood that the check in the amount of $45,637.16 issued by IBERIA BANK (Zurich Insurance Company) which is presented to IBERIA BANK, for endorsement, is for the purpose of repairs to collateral owned by me and on which IBERIA BANK currently holds a mortgage. . . .

(Pla. Exh. 3) (emphasis in original). Consequently, Plaintiff argues that "it is clear that ZAIC issued insurance that provided coverage for damages that occurred to the property owned by Plaintiff due to Hurricane Katrina" and requests that ZAIC's motion be denied. (*Id.* at p. 2).

## II.   DISCUSSION

Motions to dismiss are viewed with disfavor and are rarely granted. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005) (citing *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000)). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *Id.* (citing *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir. 1995)). "Taking the facts alleged in the complaint as true, if it appears certain that the plaintiff cannot prove any set of facts that would entitle it to the relief it seeks," dismissal is proper. *Id.* (quoting *C.C. Port, Ltd.*, 61 F.3d at 289). It must appear beyond

doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

The Court finds that the newly-discovered information adequately addresses Defendant's concerns raised in its motion to dismiss. The grievances of which ZAIC complains are now moot, as the proper policy holder has been identified and ZAIC can now appropriately respond to the allegations asserted in Plaintiff's Petition.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement (Rec. Doc. 4)** filed by defendant Zurich American Insurance Company is **DENIED AS MOOT.**

March 31, 2008

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

4